IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TIMOTHY MICHAEL KIRKLAND,

       Petitioner,

v.                                    CASE NO. 5:06-cv-226-RS-AK

JAMES R. MCDONOUGH,

       Respondent.

_____/

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Timothy Michael Kirkland. Petitioner has paid the filing fee. According to the face of the petition, Petitioner was convicted of first degree murder on January 12, 1984.[1] He appealed his conviction, which was affirmed in 1985. *Kirkland v. State*, 478 So.2d 1092 (Fla. Dist. Ct. App. 1985). The Florida Supreme Court denied further review in 1986. *Kirkland v. State*, 488 So.2d 68 (Fla. 1986). In 1987, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850. The motion was denied in 1988, and was affirmed on appeal in 1989. Petitioner's conviction therefore became final before the April 24, 1996, enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

_____

[1]Petitioner was also charged with sexual battery and sexual felony murder, but the court dismissed those counts at the end of the State's case in chief. *See* Doc. 1 at 4-B-4-D.

For convictions which became final before that date, the one-year period for filing habeas corpus petitions begins to run from the date of enactment of the AEDPA. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Petitioner therefore had one year from that date to file his petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2244(d)(1)(A). The instant petition was not filed until November, 2006, over nine years out of time.

The Court has examined the other potential bases for starting the one-year filing period on a later date: the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D). In view of the allegations of the petition, however, none of these are applicable and have not been argued. Furthermore, although the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Petitioner's suggestion that he is actually innocent does not change this conclusion. "A habeas petitioner asserting actual innocence to avoid a procedural bar [posed by the limitations

provisions of the AEDPA] must show that his conviction 'probably resulted' from 'a constitutional violation.'"  *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006).   To succeed on a claim of actual innocence, a petitioner must present "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."  *Schulp v. Delo*, 513 U.S. 298, 324 (1995).  In this case, Petitioner has offered nothing more than allegations related to alleged errors made during the course of trial–errors which could have and should have been raised either on direct appeal or on post-conviction--and has not come forward with any new evidence of any sort to show actual innocence.  As noted by the *Schlup* Court:  "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."  *Schlup*, 513 U.S. at 316.  In this case, simply maintaining that he is wrongly convicted, without more, is insufficient and does not justify equitably tolling the statute of limitations.  *See Felder*, 204 F.3d at 171 (actual innocence claim does not constitute exceptional circumstance warranting tolling "given that many prisoners maintain they are innocent"); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (because § 2244(d) does not contain explicit exception for claim of actual innocence, such claim is relevant to timeliness of petition if it justifies equitable tolling, which it does not).

## CONCLUSION

For the reasons discussed *supra*, the undersigned finds that the instant petition was

untimely filed.  It is therefore respectfully **RECOMMENDED** that Petitioner's Petition for Writ

of Habeas Corpus under 28 U.S.C. § 2254, Document 1, be **DENIED**, and this cause be

**DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **4**th day of December, 2006.


**s/ A. KORNBLUM                                        **
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**